NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UATP IP, LLC, UATP MANAGEMENT, LLC,**
*Plaintiffs-Appellees*

**v.**

**KANGAROO, LLC,**
*Defendant-Appellant*

**AIR ENTERTAINMENT GROUP, LLC, HAI CHANH QUACH, DAN TRINH, RAYMON HUNG, EDGAR ALEJANDRO GUERRERO, ALAN TRINH, TINA LUU, GOLDEN STAR GROUP, LTD.,**
*Defendants*

---

2022-2047

---

Appeal from the United States District Court for the Southern District of Texas in No. 4:21-cv-02478, Judge Drew B. Tipton.

---

Decided: February 16, 2024

---

CHRIS PAUL HANSLIK, BoyarMiller, Houston, TX, argued for plaintiffs-appellees.

STEVEN JON KNIGHT, Chamberlain Hrdlicka, Houston,

TX, argued for defendant-appellant. Also represented by AMBER ALI, AJ FOREMAN, DAVID MIGUEL MEDINA.

---

Before REYNA, TARANTO, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

This interlocutory appeal arises from a motion for a preliminary injunction filed below by Appellees UATP IP, LLC and UATP Management, LLC (collectively, UATP) based on alleged patent and trade dress infringement by Kangaroo, LLC (Kangaroo). The United States District Court for the Southern District of Texas granted the preliminary injunction, enjoining Kangaroo from operating the "Adventure Hub" in its trampoline park, using certain colors, and using UATP's confidential information. *UATP IP, LLC v. Kangaroo, LLC*, 2022 WL 2898951, at *2 (S.D. Tex. June 28, 2022) (*Order*). After full briefing and argument, we conclude the district court abused its discretion by failing to make the requisite findings to support its grant of the preliminary injunction. Further, we find that UATP failed to prove in its briefing below that it was likely to succeed on the merits of its patent infringement claim. Accordingly, we *reverse* the district court's grant of the preliminary injunction as to the patent infringement claim, and *vacate and remand* as to the trade dress infringement claim.

## BACKGROUND

UATP and Kangaroo are operators of "adventure parks"—indoor play facilities that include trampolines, ziplines, ropes courses, and other attractions. UATP operates at least 160 facilities (known as Urban Air Adventure Parks) throughout the country, primarily through franchisees. Kangaroo operates a single play park in Laredo, Texas that is located in the same building, and uses much of the same equipment, as a previously existing Urban Air Adventure Park franchise.

UATP sued Kangaroo on July 30, 2021 on several grounds, including patent and trade dress infringement. In its operative complaint, UATP alleges that Kangaroo infringes U.S. Patent No. 10,702,729 ('729 patent), entitled "Multi-level Play Equipment." UATP also alleges that Kangaroo infringes its trade dress, which UATP describes in its motion for preliminary injunction as "includ[ing] the neon orange, yellow, Urban Air Lime Green, and Cosmic Dust Blue color scheme prevalent throughout Urban Air franchises, Attractions and equipment and the layout and placement of the same, signage (content, lettering, and coloring), white ball pit, redundancy trampolines, no hold netting, configuration of the safety harnesses and attachment of same to the equipment, and one way directional tracking of the zip coaster . . . ." App. 614 (footnotes omitted).

UATP filed its motion for preliminary injunction on June 9, 2022, over ten months after it filed its original complaint. The district court granted the motion on the grounds that UATP was likely to succeed on the merits of both its patent and trade dress infringement claims, and that UATP was entitled to a rebuttable presumption of irreparable harm that Kangaroo failed to rebut. *Order*, 2022 WL 2898951, at *1–2.

## Discussion

This court generally reviews preliminary injunctions according to the law of the regional circuit (here, the Fifth Circuit), but "gives dominant effect to Federal Circuit precedent insofar as it reflects considerations specific to patent issues," such as likelihood of success on the merits. *Tinnus Enters., LLC v. Telebrands Corp.*, 846 F.3d 1190, 1202–03 (Fed. Cir. 2017). Both the Federal Circuit and the Fifth Circuit review preliminary injunctions for an abuse of discretion. *Id.* at 1203. A party may establish an abuse of discretion "by showing that the court made a clear error of judgment in weighing relevant factors or exercised its discretion based upon an error of law or clearly erroneous

factual findings." *Abbott Lab'ys v. Andrx Pharms., Inc.*, 452 F.3d 1331, 1335 (Fed. Cir. 2006) (quoting *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973 (Fed. Cir. 1996)).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party seeking a preliminary injunction must establish "a reasonable likelihood of success on the merits, irreparable harm in the absence of a preliminary injunction, a balance of hardships tipping in its favor, and the injunction's favorable impact on the public interest." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1363 (Fed. Cir. 2016) (quoting *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry.*, 357 F.3d 1319, 1324–25 (Fed. Cir. 2004)). Under Federal Rule of Civil Procedure 52(a)(2), a district court must offer findings of fact and conclusions of law to justify the grant or denial of a preliminary injunction motion. *Id.* (citing *Ali v. Quarterman*, 607 F.3d 1046, 1048 (5th Cir. 2010)).

I

We turn first to UATP's patent infringement claim. For a preliminary injunction motion, "[t]he burden is always on the movant to show that it is likely to succeed on the merits." *BlephEx, LLC v. Myco Industries, Inc.*, 24 F.4th 1391, 1398 (Fed. Cir. 2022). To establish a likelihood of success on the merits, "the patentee seeking a preliminary injunction in a patent infringement suit must show that it will likely prove infringement, and that it will likely withstand challenges, if any, to the validity of the patent." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009).

We find that UATP's showing was legally insufficient to demonstrate likelihood of success on the merits of its patent infringement claim. "[W]hether performed at the preliminary injunction stage or at some later stage in the course of a particular case, infringement and validity analyses must be performed on a claim-by-claim basis."

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001). But neither UATP's motion for preliminary injunction nor the *Order* ever identified any claim of the '729 patent that Kangaroo allegedly infringes. Instead of comparing Kangaroo's allegedly infringing equipment to any of the claims of the '729 patent, UATP and the district court appear to have assumed that Kangaroo's equipment infringes the patent because it was previously used in an Urban Air Adventure Park. But the district court never determined that Urban Air Adventure Parks practice a specific claim of the '729 patent. By assuming that similarities between Kangaroo's equipment and the equipment in an Urban Air Adventure Park constitute infringement without any discussion of the claims, the district court erred in finding a likelihood of success on the merits.

The district court likewise erred in failing to make any findings on irreparable harm, balance of the equities, or the public interest in its analysis relating to UATP's patent infringement claim. *See* Fed. R. Civ. P. 52(a)(2) ("In granting or refusing an interlocutory injunction, the court must [] state the findings and conclusions that support its action.").

## II

We turn next to UATP's trade dress infringement claim. In the Fifth Circuit, to establish likelihood of success on the merits of a trade dress infringement claim, the plaintiff "must prove that: (1) its trade dress qualifies for protection; and (2) the trade dress has been infringed by demonstrating a likelihood of confusion in the minds of potential consumers." *Beatriz Ball, LLC v. Barbagallo Co. LLC*, 40 F.4th 308, 317 (5th Cir. 2022). To qualify for protection, a trade dress must be (a) non-functional, and (b) distinctive, either inherently or through acquired

secondary meaning.[1] *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 210–11 (2000).

Unlike UATP's failure to present an adequate patent infringement case, UATP briefed all the necessary elements of its trade dress infringement claim in the proceedings below. However, the district court failed to make any findings on whether UATP's alleged trade dress was non-functional, inherently distinctive, or had acquired secondary meaning. Instead, the district court found that UATP's "trade dress claim against Kangaroo is likely to succeed on the merits, because it has shown that Kangaroo substantially imitated Urban Air's total image by using the same colors, attraction structures, and park layout." *Order*, 2022 WL 2898951, at *1. The district court's failure to explain how it arrived at this finding in view of the relevant trade dress likelihood of confusion factors, *see Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009), and failure to address the non-functionality or distinctiveness of UATP's alleged trade dress, render its analysis too conclusory to permit meaningful appellate review.

---

[1] The parties dispute whether UATP must show that its alleged trade dress has acquired secondary meaning, or whether a showing of inherent distinctiveness suffices. *See* UATP's Response Brief at 23; Kangaroo's Reply Brief at 10–11. Which showing is required depends on whether UATP's alleged trade dress is product packaging or product design. While product-packaging trade dress may be shown to be inherently distinctive, product-design trade dress can never be inherently distinctive and therefore cannot be protected without a showing of secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 214–15 (2000). We do not reach the issue of whether UATP's alleged trade dress is product packaging or product design here, but provide this framing for the benefit of the parties and the district court upon remand.

*See, e.g.*, *Gechter v. Davidson*, 116 F.3d 1454, 1458 (Fed. Cir. 1997) ("A district court therefore may not merely state its findings in conclusory terms, but must provide sufficient detail to elucidate the reasoning by which the court reached its ultimate finding on an issue of fact or conclusion on an issue of law; otherwise, the appellate court is unable to carry out its appellate review function.").

The district court's findings relating to irreparable harm are also deficient. First, the district court erred in failing to address UATP's ten-month delay in moving for a preliminary injunction. *See Hybritech Inc. v. Abbott Lab'ys*, 849 F.2d 1446, 1457 (Fed. Cir. 1988) ("The period of delay exercised by a party prior to seeking a preliminary injunction in a case involving intellectual property is [] one factor to be considered by a district court in its analysis of irreparable harm."). Second, the district court erred in finding that UATP was entitled to a rebuttable presumption of irreparable harm under 15 U.S.C. § 1116(a). Section 1116(a) entitles a plaintiff seeking a preliminary injunction under 15 U.S.C. § 1125 to a rebuttable presumption of irreparable harm "upon a finding of likelihood of success on the merits for a violation." Because the district court's analysis was premised on a flawed likelihood of success finding, the court's application of the presumption cannot stand. By failing to address UATP's delay in filing its preliminary injunction request, and by improperly applying the statutory presumption, the district court erred.

Finally, as with its analysis relating to the patent infringement claim, the district court's analysis relating to the trade dress infringement claim failed to make sufficient findings on the balance of the equities or the public interest. Because the district court failed to "state the findings and conclusions that support its action" in granting the preliminary injunction, as required by Federal Rule of Civil Procedure 52(a)(2), the court erred.

## CONCLUSION

We find that the district court abused its discretion by failing to make the requisite findings to support its grant of the preliminary injunction. Further, we find that there was a failure of proof in UATP's briefing below on the likelihood of success on the merits of its patent infringement claim. Accordingly, we *reverse* the district court's grant of the preliminary injunction as to the patent infringement claim. We *vacate and remand* as to the trade dress infringement claim.

**REVERSED-IN-PART, VACATED-IN-PART, AND REMANDED**

## COSTS

Costs to Kangaroo.